# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**JAMES THOMAS BOYLAN, # 2021030023**                                    **PLAINTIFF**

**VERSUS**                                               **CAUSE NO. 3:22cv322-KHJ-MTP**

**LAUDERDALE COUNTY and BILLY SOLLIE**                                    **DEFENDANTS**

## REPORT AND RECOMMENDATION

This matter is before the Court *sua sponte*. Having considered the record and the applicable law, the undersigned recommends that this case be dismissed without prejudice

*Pro se* Plaintiff James Thomas Boylan initiated this action on June 13, 2022. At the time, he was a pretrial detainee at the Lauderdale County Detention Center.

On September 29, 2022, the Court entered the Order Adding Defendants [10]. Subsequently, the Court dismissed two of the Defendants and served the remaining ones with a Notice of Lawsuit and Request to Waive Service of a Summons. On October 11, United States District Judge Kristi H. Johnson referred the case to the undersigned. All Orders [10, 11, 12, 14] were mailed to Boylan's address of record but were returned as undeliverable on October 11 and 19. Having received no change of address, the Court entered the Order to Show Cause [17] on November 18. The Court ordered Boylan to show cause, by December 2, why the case should not be dismissed for failure to prosecute.

When Boylan did not respond or provide a change of address, the Court entered the Second Order to Show Cause [22], on December 19, 2022, giving him another chance to respond.

All Orders were sent to Boylan's address of record but were returned as undeliverable.

To date he has not provided a change of address or otherwise contacted the Court. The Court has warned Boylan that failure to prosecute or obey any Order of the Court, including keeping the Court apprised of his address, may lead to the dismissal of the Complaint. (Second Order to Show Cause at 1); (Order to Show Cause at 1); (Order of Referral at 1); (Order [12] at 2); (Order Requiring Pl. to Respond at 1-2); (Order Setting Payment Schedule at 3); (Order [4] at 2); (Order [3] at 2). It is apparent from Boylan's failure to comply that he lacks interest in pursuing this claim.

The Court has the authority to dismiss an action for the plaintiff's failure to prosecute or obey a Court order, under Rule 41(b) of the Federal Rules of Civil Procedure and under the Court's inherent authority to dismiss the action *sua sponte*. *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court. *Id.* at 629-30. Since the Court has not considered the merits of the claims, the undersigned recommends that the case be dismissed without prejudice.

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that this case be DISMISSED without prejudice for failure to prosecute and obey Court Orders.

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this Recommendation, may serve and file written objections to the

Recommendation, with a copy to the District Judge, the Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject, or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to the Magistrate Judge with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This, the 23rd day of January, 2023.

s/ Michael T. Parker<br>
UNITED STATES MAGISTRATE JUDGE